THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/s/o ROBERT TYLER JENSEN HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-25-1343-SLP<br>)<br>)<br>)<br>) |

**O R D E R**

On February 11, 2026, the Court entered an Order [Doc. No. 5] directing Plaintiff to show cause within 14 days of the date of that Order, why this action should not be dismissed without prejudice for failure to effect timely service of process pursuant to Fed. R. Civ. P. 4(m).[1]  As of this date, Plaintiff has not responded to the show cause order, nor has Plaintiff requested an extension of time within which to do so.  Accordingly, this action is subject to dismissal without prejudice for failure to effect timely service of process, and for failure to comply with the Federal Rules of Civil Procedure and this Court's Order.  *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

---

[1] Plaintiff filed the Complaint [Doc. No. 1] on November 12, 2025.  Therefore, the 90-day period to effect service expired on February 10, 2026.  Fed. R. Civ. P. 4(m).

Because Plaintiff has failed to respond to the Court's Order to Show Cause, Plaintiff has failed to demonstrate good cause exists for granting a mandatory extension of the 90-day time period set forth in Rule 4(m) within which to serve Defendant.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  The Court must further consider whether a permissive extension of time is warranted.  *See id.; see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014).  The following factors guide the Court's determination: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an in forma pauperis petition."  *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, none of these factors are availing.  Plaintiff does not appear pro se or in forma pauperis and while the Defendant is a governmental agency, there is nothing in the record to suggest that Plaintiff attempted to serve Defendant but was unable to do so due to complex service requirements.  Further, the events giving rise to the complaint occurred only a little over a year ago on December 9, 2024. [Doc. No. 1] at 1.  Thus, it appears that none of the claims alleged would be time-barred upon re-filing.  Even if one or more of Plaintiff's claims were time-barred, that factor alone is not dispositive.  *See Gumm v. Fed. Bureau of Prisons*, No. CIV-06-866-R, 2007 WL 3312785, at *3 (W.D. Okla. Nov. 6, 2007) ("[T]he mere fact that the applicable limitations period has run does not make dismissal inappropriate."); *Valdez v. Chuwanti*, No. 122CV00003KWRJHR, 2022 WL

17093445, at *3 (D.N.M. Nov. 21, 2022) ("[T]he mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case."); *Despain*, 13 F.3d at 1439 ("The fact that the statute of limitations has run, however, does not demonstrate good cause and does not make dismissal under Rule 4(j) inappropriate."). Therefore, the Court finds that a permissive extension is not warranted.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to effect timely service pursuant to Fed. R. Civ. P. 4(m) and pursuant to Rule 41(b) for Plaintiff's failure to respond to the Court's Order to Show Cause [Doc. No. 5]. A separate judgment of dismissal shall be entered contemporaneously with the filing of this Order.

IT IS SO ORDERED this 26th day of February, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE